If it pleases the Court, my name is Scott Hubbard. I represent plaintiff and appellant Joanne Peters. I know the Court's read the briefs and is familiar with the issues. I'd like to make a brief statement, answer any questions the Court has, and then hopefully reserve 19 minutes of time. This appeal addresses the scope of rights and relief available under Title III of the ADA. Peters, Ms. Peters, averts the appeal. Peters, that the defendant's technical and scoping requirements violates fundamental bedrock, rock bed principles of Ninth Circuit authority and ignores the scope of standing, scope of rights, and scope of injunctive relief available to disabled plaintiffs in Pickering and Fortney and in Long. She would ask that the Court vacate the defendant's grants or the Court's grants of summary judgment and remand for proper site inspection. I want to ask you some factual questions here. The business about the scale, was that in the complaint? The produce scale was not specifically identified in the complaint. Okay. And at what point in the proceedings did the produce scale get lowered? I believe they revealed it for the first time at the hearing. Well, not when they revealed it. Do you know when it was lowered all the time, or was it lowered after the suit started, or? When our expert inspected the facility, he did not identify the lowered produce scale. When Ms. Peters wrote her initial letter prior to filing the lawsuit, she identified that there wasn't any produce scales that she could use. My understanding in reading the record was that, and they didn't mention it in their summary judgment motion. My understanding is the lowered produce scale was first identified at the hearing for the motion for summary judgment. But you don't know when it was lowered. What was that? You don't know when it was lowered or if, in fact, there was an alternate scale available on premises when she was there. Her letter and testimony said that she couldn't find a lower, she didn't, there wasn't a scale low enough for her to use. What was the second part of your question, Judge Thomas? Well, I think that probably answered it, yeah. How did the scale get in the case if it wasn't in the complaint? Was some provision of the complaint needed to cover it? The theories that we alleged, the first claim was violations of the ADA and violations of both a denial of full and equal enjoyment and use and the presence of architectural barriers, both in either new construction or an existing facility. We didn't know which it was at the time we filed the complaint.  Thank you. Thank you, counsel. Off by two minutes and three seconds. Thank you, Your Honor. Good morning. My name is Sam McAdam. I'm the attorney for the defendant and the respondent on appeal, Winco Foods. With me is the Vice President of Legal Affairs for Winco Foods. The case before you is an important case in the sense that the district court dockets are flooded with Title 388 cases right now. And in fact, on the record before the Court here, Ms. Peters filed 30 similar complaints in the Eastern District. Are you referring to the attorneys' cases? I'm building a case for the fact that, yes, that the case before us is a frivolous case. And in that context, there was a form complaint that was filed that essentially alleged that Winco was in violation of the ADA with respect to everything in the parking lot, everything inside the store and inside the bathrooms and so forth. It was paragraphs 28 through 32 of a 132-page complaint. And nowhere in that complaint did they mention the produce scale. And nowhere in that complaint did they mention the other four things that were discussed on the summary judgment. Before we get to the big issue about when you can award fees if there's one non-frivolous claim, I want to make sure that was really part of this case. It seems like the district judge did treat that issue, and you didn't argue that that was not in the case. You seem to be taking the position that there is one non-frivolous claim. Our position has always been throughout this case that the entire complaint was frivolous. Do you disagree with the district judge that the scale claim is non-frivolous? He said it was non-frivolous. That's true. You say it is frivolous. You haven't said that he erred in saying that was a claim to be considered on summary judgment. That's correct. That's correct, Your Honor. That wasn't an argument that was taking place at the district court. Or on appeal. I mean, for purposes of this appeal, we have the district court determining that that was a proper claim, and for purposes of appeal, your only disagreement with the district court is you say it's frivolous, not non-frivolous. That's correct. And what I was laying a groundwork for was the totality of what the court has before it on the record. And that was the 30 form complaints, the 291. Right. But why do you think the produce scale claim was, assuming it's in the case in the district court, why is that frivolous? Well, that's a good question. The ADA is a very detailed regulatory body of law. The ADAG is about six inches thick. And it goes through and it lists 25 different areas, specific areas, drinking fountains, bathrooms, checkout stands, and so forth, that are very specific as to the requirements. And the principle ADAG provision that applies here indicates that the actual produce and the actual products in any retail store on the shelves do not have to be within certain reach ranges. Yeah. But that doesn't make any difference if it's a mechanism. I mean, you can say it doesn't make common sense. But if the mechanism is required under the ADA to be within reach, then it doesn't make any difference. Well, I think there's a temptation because the ADA is so detailed in its regulation to lose the forest for the trees, so to speak. The point here is that this is a discrimination suit. When Ms. Peters denied access to Winco's store, she repeatedly testified in her deposition that she was never deterred from shopping at Winco for any reason. And, in fact, on the day of her deposition, she had shopped at Winco in the morning, gladly, happily. She indicated she had shopped there the day before. And she also indicated that she shops at Winco four to five times per month, never having been deterred from shopping, never having been deterred. Well, she'd spend more money if she could reach the produce, obviously. She indicated that she bought the produce. Seriously, though, it seems to me that the produce claim is a valid claim under the ADA. It's a non-frivolous claim. It seems to fit. You argue, and I think the district court partially bought into it, that it may not make sense for the ADA to cover it, but it seems to me the produce scale is a non-frivolous claim. That's the only reason I'm pursuing it, is that I'm surprised you took that position. Well, I don't see the regulation that plaintiff is citing to that brings the produce scale within the ADAG. And so what we did was we found what provision in the ADAG is closest to that type of fixture. And that's where we came up with the shelves. If you're right there, you don't have to have the apple within the reach, and yet the produce scale has to be in the reach. It seems at some point we have to bring common sense to the ADAG, since it doesn't expressly talk about produce scales or anything like a produce scale. Let me ask you this. The factual question that we discussed with your opponent, is there a produce scale that is within reach in the store? And if so, when did you put that in? There is a produce scale within reach, and the produce scale was lowered during the litigation. Okay. So let me address the fact that the case is frivolous. And let's assume for a second that you find. I think we have to assume that there's one non-frivolous claim. Yeah, exactly. That seems to be what you're interested in. So let's assume for a second that the produce scale is a colorable claim, although defeated at summary judgment. All right? So the plaintiff hasn't prevailed in any measure. And so what do we do with respect to the attorney's fees? The first thing that we have to look at is what is the standard for the district court? The standard is the court has discretion. This court has discretion. And we use the Christian Berg standard that we have to find that the case is frivolous. All right? In Hensley, which is a plaintiff's case, but in Hensley there was a footnote, footnote 10, that said, listen, if you're going to parse out the claims, if a defendant prevails on a frivolous claim, the defendant may be awarded attorney's fees. And that's footnote 10 in the Hensley case. So while that case is not directly on point, the Supreme Court has tipped its hand. Where do we look in appellate law? Well, in appellate law, I think Judge Damrell was slightly off in this measure. He tried to say, listen, the Ninth Circuit hasn't addressed the issue, and the circuits are split on the issue. Well, I would respectfully disagree with Judge Damrell that no court at the time that he issued his order had dealt specifically with the frivolous versus non-frivolous mixture in an EEO-type case. Rather, the cases all stand for the fact that the district court has discretion on whether to award fees so long as there is some element of frivolousness towards one of the claims. And so if you go through all the cases listed, and Judge Damrell did a nice job, and you go through all those cases, and you look at it, and they're all distinguishable on their facts, and sometimes the district court or the court of appeals said fees should be awarded here, even though not all the claims were frivolous, and other times they said no. The great balance of the claim was colorable, and the frivolous part was a small subset. So what do we have here? We have a complaint with 132 paragraphs that alleges the entire store is noncompliant. And then we have a site inspection by the plaintiffs that alleges there's 13 different violations, 10 to 13 different violations, many of which the plaintiff didn't even know about. And by the time you peel it down, we filed a summary judgment motion attacking five, five provisions, detectable warnings, the deli scale, the tow-away signage, the public pay phone, and then, of course, this produce scale that the court is focused on. That's it. So then by the time you peel that back, and what were the questions that you've given me here this morning, you've told me that we're focused on the produce scale. So we started out with 132 paragraphs, everything in the store, and we ended up with the produce scale. Imagine if the plaintiff had come and filed a lawsuit, accepting for the moment that the produce scale is nonfrivolous, and that's all that was in it. Imagine what the litigation would have looked like. It would have looked like, well, we'll lower the produce scale, and the case would be over. Let's take another example. Let's assume that the district court had entered a judgment awarding recovery on the produce scale alone. Would your argument still be the same? My argument would be the same. Even though the plaintiff is a prevailing party, the judgment is in favor of the plaintiff. Your argument would be you're still entitled to your fees because the plaintiff bootstrapped a lot of frivolous claims on that. We would make that argument, Your Honor. But by making the plaintiff the prevailing party on the produce scale, you dramatically changed the case. And, you know, that would take us into a whole other body of law as to who a prevailing party is. That issue is not before the court. Yes, it was a hypothetical question. Right. So what are we going to do? We look at the complaint, and I think the case that I want to draw your attention to is the only case that I'm aware of that deals with this frivolous versus nonfrivolous mixture. And that's the Quintana case from the Eleventh Circuit that came out just, what, six weeks ago or so. And in that case, they actually articulated, unlike the other cases that Judge Damrell cited, they actually articulated the question about frivolous versus nonfrivolous in the mixture. And that was an EEO case, an employment case, where there was retaliation and discrimination. And the court came to the Eleventh Circuit Court of Appeal came back and said, we can The defendant prevailed on everything. There's a frivolous claim and there's a nonfrivolous claim. We're going to remand this back to the district court because he can award attorney's fees for the frivolous claim. And so at least one court, at least one circuit is dealt squarely with this. There's no precedent in the Ninth Circuit that says that the Ninth Circuit law is any different from Quintana. All the principal building blocks are there. If you look at the Jensen case and the, I think it's Saman case that Judge Damrell cited, Jensen and Saman, they have different conclusions, which goes back to the district court has discretion. I'm a little unclear as to what you're looking for. Are you looking for a rule, a no tail wagging dogs rule? You know what I mean? No, not exactly. But I will tell you what I'm looking for. To me, a tail wagging the dog rule here would be they get attorney's fees even though only one claim is not frivolous. That would be a tail wagging the dog. Yeah. It could work the opposite way. I don't know what you're looking for. Yeah. I'm looking for a rule that says that a district court has discretion when frivolous claims are mixed with non-frivolous claims to review the totality of the case and decide, you know, basically as they did in the Quintana, that attorney's fees are warranted under the Christianburg standard for frivolous, for a frivolous case. And then how do you get at that? I think you have to look at the case and figure it out, figure out whether deterrence is necessary in this case. Should plaintiff have been deterred from filing this lawsuit? What do you think about judicial resources? Does this award of attorney's fees have effect on the body of law out there and whether plaintiffs will be filing suits and so forth? Does it achieve the standards of attorney's fees? Are we trying to discourage plaintiffs from filing civil rights cases? The purpose, no, not at all, Your Honor. That's not what we're asking for at all. We're only asking for to affirm the judgment as to attorney's fees with respect that it deters frivolous. You're asking for a rule, yeah. Your rule is to encourage lawyers not to file cases that are partly frivolous. Not at all, Your Honor. I'm asking for a rule that is consistent with Hensley, that is consistent with Christenberg, that is consistent with what the Eleventh Circuit said in Quintana that says simply an award of attorney's fees deters plaintiffs from filing frivolous claims. And this is a great case, Your Honor, that you have a situation where a plaintiff filed an incredibly overbroad complaint. It was a form complaint similar to 30 other that they filed. And that this is a case where what the district court did in this case is said, listen, we're not going to have that type of litigation. File your claim. Judge Bamrel said, listen. You're describing a case and Judge Rustami is asking you about a rule. What do you want this rule to say? Do you want the rule to say what? What we want is a situation. Basically, I want to affirm the district court decision. But the underlying principles, and that's what you're asking about, the underlying principles of that are that the district court has discretion to look at the case and when there are frivolous claims, okay, when there are frivolous claims that can be parsed out from a single sole non-frivolous claim, that an award of fees is appropriate. Now, in one of the cases, in the Jensen case, in the Ninth Circuit Jensen case, Your Honor, there was a mix of frivolous and non-frivolous claims, but defense counsel, unlike Winco here, defense counsel conceded that the litigation would not have been any different had the frivolous claims not been included. And we've made the argument that that's not the case here whatsoever, that the absence of the frivolous claims would have dramatically altered this litigation. And let me – can I provide a little bit more context? Why isn't Rule 11 enough of a sanction? I'm sorry? You're arguing basically sanctions. This is – you're not arguing that you're entitled to fees, at least you're not primarily. You're saying we need to adopt this rule to deter people as a warning sign. And even Judge Damrell said, look, the basic rule is completely the contrary, that the rules that favor awarding fees to prevailing plaintiffs aren't the same as the rules that favor other plaintiffs. You're arguing for a little broader rule, right? It seems to me. You talk about the other suits that this woman has filed, other cases. Why isn't a Rule 11 sanction enough as a sanction as opposed to a – why isn't that enough of a deterrence? I think Rule 11 would be an option. Rule 11 has the same standard. It does. If I could just finish my thought. Go ahead. I'm sorry, Your Honor. No, no, no. Go. There's a whole – it's not like we're carving new ground here. I mean, I think that's where – and you're asking for me to – I'm not defining a new rule here, Your Honor. We're not carving any new ground. There is an enormous body of case law that says a defendant is entitled to attorney's fees in a Title VII and in an ADA case where the claims that are brought are frivolous. Right. But you're focusing in this case, and you keep bringing up other suits brought by this under the standard articulated generally for these kinds of cases. Why don't you think a Rule 11 sanction would have been adequate to provide deterrence? I think we have alternative remedies would be my answer to that. And, you know, where you find – if the Court were to review this record and conclude that Rule 11 sanctions were appropriate, then per se we would have established our right to attorney's fees. I mean, it's one and the same. And then the Court has discretion, Your Honor, to look at the totality. The District Court has the discretion to look at the degree of success of the prevailing party and then assess those fees. And in Rule 11 sanctions, that's what they do. They look at the attorney's fees. Well, the standard is somewhat different. In fact, it's a different standard for Rule 11. But you started your argument basically by saying that we need to establish this rule to deter frivolous lawsuits. And that is contrary to the general rule of ADA, which says we're not going to give defendants, as a matter of course, fees in this kind of case. I would respectfully ask the Court to look at the whole body of case law on the EEOC that says that the purposes, and it's set forth, and you can read the site specifically in the Eleventh Circuit Quintana, the purposes of a defense award are to protect judicial resources and to deter frivolous lawsuits. And, I mean, we're simply not shredding any new ground with that public policy underpinning. And that's why the standard is what it is. And that's how it came out of Christianesburg. And that's where we end up with a case like Quintana and the discussion in the Ninth Circuit and the Jensen and Salmon cases as well. These are the public policies that are set forth. Thank you, Counsel. Okay. Thank you. Beginning with the purported frivolousness of plaintiff's claims and Judge Rustani, you commented about no notice in the complaint of this barrier. When Ms. Peters first sent her letter, which is included in Defendant's Supplemental Excerpt of Record, page 278, she identifies having problems with the produce scales, not enough disabled parking areas because it was blocked, no safe path to travel, unable to reach produce, aisles are blocked, can't see over the deli counter. These are her complaints to Winko. Three, September, the complaint was filed on September 18th. This letter was sent July 2nd. So almost a full five, five months before she filed a complaint, there was no response. They knew that this was what she was complaining about. When we filed our complaint in September 18th, we immediately, when defense counsel responded, and this is included in Defendant's Supplemental Excerpt of Record 279 to 358, we immediately sent them on October 18th, 2002, a copy of our preliminary site report. So they knew what we were complaining about. This is what the preliminary site report we got prior to filing the lawsuit to confirm that there was merit or at least arguably grounded in factual basis for these claims of discrimination under the ADA. It sounds like the district court thought these claims were in the suit. Can I ask you what you think the rule is supposed to be? Rule for what? Rule for when you have mixed frivolous and non-frivolous claims in a suit. What do you do with the attorney's fees issue vis-à-vis defense? I think it's a loaded question because my, obviously from my position, I would have to say that if you have something that is frivolous and non-frivolous, if I say you don't get fees under the ADA for filing a frivolous lawsuit, or excuse me, a frivolous ADA claim, I come off really swarmy. But on the other hand, when you look at the cases that address. Wait a second. You're litigating this case. You mean to tell me you didn't think at all about what the proper resolution of this question is? Oh, no. Actually, I think about this case all the time, but as my mother complains, I see two sides of the argument. Well, maybe I have a different profession. I don't think I ever considered that one. You're here for one side of the argument. What's your position? My side of the argument is there are more specific attorney fee statutes that someone can file and get attorney's fees under with the presentation of frivolous arguments. Rule 11 is an excellent example. The vexatious litigant example, our statute 1927, that's another one. If an attorney in bad faith recklessly multiplies the proceedings. I think the ADA is limited. Even if the defendant's argument or interpretation of the statute is accurate, and you have a frivolous, frivolous ADA claims, not the lawsuit, but frivolous We had, at the very worst case scenario, according to Judge Damrell, we had a produce scale and produce that denied her access. And that wasn't in your complaint. I mean, that issue wasn't in your complaint. What we have, what do you make of the district court's observation about the plaintiff initiating no less than 30 separate lawsuits in this court filing form compliance which stretch the meaning of notice pleading by the ADA and state law. To go on, such multiplicitous off the shelf filings are of questionable merit to divert judicial resources away from cases alleging specific legitimate and substantial violations of the rights of disabled persons. It goes on. Okay. First, with respect to the 30 cases, Ms. Pierce, with the exception of this one, won all 30 of them. Or 29. No, 30, except this one. I got it right the first time. So they weren't frivolous. Second, with respect to Boilerplate, there is a second published, Judge Damrell. Just out of curiosity, were they all settled? We have, we're one of the few attorneys in the Eastern District of California that actually try cases. I don't remember if all of hers settled or not. We actually have. You represented her on all these cases. I believe so. We have four cases going to trial in the next two or three weeks. So we do, we don't just do the quick settlement, the fast demand that the district court was concerned about. We actually litigate these things. We have a judge, district judge, our firm, and a plaintiff by the name of Jerry Dorn were the subject of a vexatious litigant motion in the Central District of California. We set forth our, just with specific requirements for Dorn, we had won 97.2% of our cases, only four of which went to trial. The other 97 were either lost at summary, or the other 2% were either lost at summary judgment or the barriers weren't readily achievable to remove or maybe they sold the property. We're the attorney general. So did you win on every issue and every case? Not every issue and every case. Or just one issue out of 300 in one case. Not every issue and every case. But we do, we do important work. We actually go through these, these. But the district court seems to disagree with that and says, you're talking about boilerplate complaints and complaints that aren't actual barriers to the particular plaintiff. The district court seems quite perturbed with your pleading, I would say. Let me take a step then with the boilerplate. There is a case, Pickering v. Pier 1, which is a second case. I'm sorry. I didn't cite it to my brief and I didn't bring it with me because I didn't know this line of questioning was coming up. Judge Damorell, it was the next oral argument we had in front of him in another case, where he expressed his concerns with our complaint, and I explained that the paragraphs that he cited to that he was, that he had trouble with. First, I said that we don't use this complaint anymore. Second, I said that the paragraphs that we were cited to, that he cited to in Piers v. Winco, they weren't intended to identify barriers. They were supposed to, they were intended to be an example. These are the types of barriers that we're talking about in illustrative. And he said, well, I have a problem with that. Go out and amend every single complaint you have in front of me so that, and you include specific architectural barriers. And we did it, and he was happy, or at least. So you didn't amend this complaint. This case had already been overturned on summary judgment before the issue came up. So if it was around, we would have done it. He even acknowledges in his opinion that it was a Rule 11 sanction motion, and he even acknowledged in his opinion that he instructed us to do this, and we did it. So this, he, you could chalk it up to a misunderstanding on our part. I thought that the complaint was filed under Rule 8A, but that's arguably a matter of opinion. In any case, there was a third question you had, Judge Thomas? Okay. Let me see if there's anything else I want to cover while I'm standing here. The rule. Pickering. Pickering versus Holiday Quality Foods. We should probably discuss that a bit. And the standards for barriers unrelated to a disability. I think the record in Ms. Peters' declaration sets forth why detectable warnings relate to a disability. They're basically the truncated domes that you see down the street as you're driving. They're the center dividers. They bump your, they bump your, the wheels of your car when you're swerving into oncoming traffic or going off on the sides. They do the same thing for disabled plaintiffs, or at least the wheelchaired ones. Are you now arguing that other claims were not frivolous? Well, defense argued that or, excuse me. The answer is yes, you are arguing that other claims were not frivolous. In fact, I think you're seeking reversal of the summary judgment. I am. You know, the appellee raised the issue in. Well, you didn't even mention attorney's fees in your opening argument. You talked in your opening argument about why the summary judgment order should be reversed. Fair enough. Then I think I'll just sit down. Okay. Thank the court for their time. Thank you. Pleasure to see you again, Your Honor. Yes. Case just argued will be submitted.
judges: Reinhardt, Thomas, Restina